[Cite as *In re Q.L.H.*, 2012-Ohio-4850.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IN RE: Q. L. H.


SCHUANTE M. NIANG-HILL

      Applicant


Case No. V2012-70114

Commissioners:
Necol Russell-Washington, Presiding
William L. Byers IV
Susan G. Sheridan

ORDER OF A THREE-COMMISSIONER PANEL

{¶1} On May 13, 2011, applicant, Schuante M. Niang-Hill, filed a compensation application on behalf of Q. L. H., as the result of criminal conduct. On May 20, 2011, the Attorney General issued a finding of fact and decision denying applicant's claim pursuant to R.C. 2743.60(E)(1)(d), since she was convicted of Child Endangering on September 26, 2007, which was within ten years of the occurrence of the crime which happened on April 14, 2011. On March 1, 2012, the applicant submitted a request for reconsideration. On March 2, 2012, the Attorney General wrote the applicant a letter explaining that her untimely filed request for reconsideration would not be allowed. The letter went on to state that: "[t]he evidence indicates that you were convicted of Child Endangering on September 26, 2007. Therefore, the law is clear that your claim must be denied. If there is another person who is legally responsible, or becomes legally responsible for (Q. H's) or (T. H's) expenses and is otherwise eligible, that person may file an application for further consideration of these expenses." On March 13, 2012, applicant submitted a letter requesting this case be set for hearing.

{¶2} On April 10, 2012, the Attorney General filed a motion to dismiss the appeal. The Attorney General asserts pursuant to R.C. 2743.61(A), an applicant should file the request for reconsideration no later than thirty days after the Attorney General issues the initial decision. The initial decision becomes final unless the Attorney General determines the interests of justice allow for reconsideration after the untimely request for reconsideration. The Attorney General determined the untimely reconsideration should not be considered since the applicant had a prior conviction for child endangering.

{¶3} Accordingly, the Attorney General argues the appeal should be dismissed.

{¶4} On June 6, 2012, a hearing before this panel of commissioners was held at 10:30 A.M. Case number V2012-70144 and V2012-70122 were heard together since both claims consider the same issue.

{¶5} The applicant, Schuante Niang-Hill and her children Q. L. H. and T. H. attended the hearing while Assistant Attorney General Rachel Oktavec Huston appeared on behalf of the State of Ohio.

{¶6} The applicant testified that she was unaware of the reconsideration process and was only informed of the process after she called the Attorney General's office.

{¶7} With respect to the misdemeanor charge, the applicant stated it had nothing to do with the criminal conduct committed against her children. Furthermore, she stated it was only a misdemeanor charge and she is only filing for the benefit of her children. She could understand if her expenses would be denied pursuant to the statutory provision, but believes it is unfair to punish her children.

{¶8} The Attorney General submitted the State's Exhibit A, a certified copy of the Child Endangering conviction dated August 2, 2007. Whereupon, the Attorney General rested on his brief.

{¶9} Finally, the applicant was informed if another person who assumed the medical expenses for her children filed a compensation application, and otherwise met all eligibility requirements, that individual could be granted an award to pay for her childrens' expenses.

{¶10} The Attorney General offered his assistance in guiding the applicant through the process of having an eligible applicant assume responsibility for the childrens' expenses.   Whereupon the hearing concluded.

{¶11} A judge of the Court of Claims found that where an applicant submitted a late request for reconsideration but filed a timely appeal from the Attorney General's final decision, the panel had jurisdiction to hear the appeal.   *In re Whitting*, V2001-31473jud (8-20-02); *In re Ware*, V2001-31091jud (8-20-02).   Furthermore, even if the Attorney General's writing was not entitled a final decision but addressed the issues contained in the request for reconsideration and states that the initial decision will not be modified, such writing will be considered a final decision for the purposes of an appeal.   *Whiting*, *Ware*.

{¶12} R.C. 2743.60(E)(1)(d) states:

a.        "(E)(1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

b.        "(d) The claimant was convicted of a violation of section 2919.22 or 2919.25 of the Revised Code, or of any state law or municipal ordinance substantially similar to either section, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim."

{¶13} Upon review of the file, the motion to dismiss filed by the Attorney General, and the statements made at the hearing, we find the Attorney General's motion to dismiss is denied. The claim file reveals that the initial decision was rendered on May 20, 2011 and although the applicant did not submit her request for reconsideration until March 1, 2012, the Attorney General sent the applicant a letter dated March 2, 2012. The March 2, 2012 letter addresses the issue concerning the September 26, 2007 conviction for Child Endangering. Accordingly, in accordance with the judge's rulings in *White* and *Ware*, we find the letter constitutes a final decision. The applicant timely filed an appeal from this final decision on March 13, 2012. Therefore, the Attorney General's motion to dismiss is denied.

{¶14} However, the Attorney General has submitted sufficient evidence to prove that the applicant was convicted of Child Endangering and this conviction disqualifies her from receiving an award of reparations pursuant to R.C. 2743.60(E)(1)(d). Therefore, the decision of the Attorney General is affirmed.

{¶15} If the applicant can find a qualified individual to file a compensation application and assume legal responsibility for her child's medical expenses the reimbursement of these expenses may be considered. The Attorney General shall assist the applicant in this matter.

{¶16} IT IS THEREFORE ORDERED THAT

{¶17} State's Exhibit A is admitted into evidence;

{¶18} The Attorney General's motion to dismiss is DENIED;

{¶19} The Attorney General's decision is AFFIRMED and judgment is entered for the state of Ohio;

{¶20} Q. L. H. may file a compensation application on his own behalf after he reaches eighteen (18) years of age until his twentieth (20th) birthday pursuant to R.C. 2743.56(B)(1);

{¶21} Costs are assumed by the court of claims victims of crime fund.

_____
NECOL RUSSELL-WASHINGTON
Presiding Commissioner


_____
WILLIAM L. BYERS IV
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\June - Sept 2012\V2012-70114 Q.L.H..wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Montgomery County Prosecuting Attorney and to:

Filed 6-27-12
Jr. Vol. 2283, Pgs. 93-97
Sent to S.C. reporter 10-18-12